(February 4, 2015)

■ Shonsa Alves, Appellant, v Mahbubul Haque et al., Respondents. [3 NYS3d 82]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated June 21, 2013, which granted the motion of the defendants Mahbubul Haque and Compote Cab Corp., and the separate motions of the defendants Diego A. Williams and Brittany Reyes, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The defendants, moving separately but relying on the same evidence and arguments, met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and thoracolumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]).

In opposition, however, the plaintiff raised triable issues of fact as to whether she sustained serious injuries to the cervical and thoracolumbar regions of her spine (see Perl v Meher, 18 NY3d 208, 218-219 [2011]).

Therefore, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Balkin, J.P., Leventhal, Dickerson, Miller and LaSalle, JJ., concur.