■ EDYTA RZESZUTKO, Appellant, v DOMINICK RAFFONE, Respondent. [10 NYS3d 313]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated June 16, 2014, as, upon reargument and renewal, adhered to a prior determination in an order of the same court dated August 16, 2013, granting the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order dated June 16, 2014, is reversed insofar as appealed from, on the law, with costs, upon reargument and renewal, the determination in the order dated August 16, 2013, granting the defendant's motion for summary judgment dismissing the complaint is vacated, and thereupon, the defendant's motion for summary judgment is denied.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious

injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that, in any event, these alleged injuries were not caused by the accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiff raised triable issues of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine, and as to whether those alleged injuries were caused by the accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *Alves v Haque*, 125 AD3d 583 [2015]). Accordingly, upon reargument and renewal, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Skelos, J.P., Dickerson, Hall and Maltese, JJ., concur.