■ MAQSOOD JILANI, Appellant, v OSCAR H. PALMER, Respondent. [920 NYS2d 424]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated March 18, 2010, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On August 19, 2006, the plaintiff was operating a livery car on South Conduit Avenue in Queens County when he was involved in an accident with another vehicle owned and operated by the defendant. The plaintiff commenced this action to recover damages for personal injuries. The defendant joined issue and, thereafter, moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court granted the defendant's motion. We reverse.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of his motion, the defendant relied, inter alia, on the affirmed medical report of Dr. Sheldon Feit, which described his radiology review of the plaintiff's case. Dr. Feit stated, among other things, that his review of the plaintiff's magnetic resonance imaging (hereinafter MRI) films relevant to the subject accident revealed preexisting degenerative changes. He further opined that there were no "abnormalities causally related to" the accident on August 19, 2006.

In opposition, however, the plaintiff raised a triable issue of fact. The plaintiff relied on, inter alia, the affidavit of Dr. David N. Green, a chiropractor. Dr. Green stated in his affidavit that the plaintiff sustained trauma as a result of the motor vehicle accident of August 19, 2006. Dr. Green observed that, according to the history provided by the plaintiff, he never injured his neck or back, either prior or subsequent to the date of the subject accident. Based on his physical examination of the plaintiff, his review of the MRI films, electrodiagnostic studies, and the plaintiff's medical history, medical records, and reports, Dr. Green concluded, "it is my opinion based on a reasonabl[e] degree of chiropractic certainty, that [the plaintiff] suffered a permanent consequential limitation of use of his neck and lower back as well as a significant limitation of use of those areas as a direct result of the motor vehicle accident of August 19, 2006." This was sufficient to rebut the defendant's prima facie showing and, thus, raise a triable issue of fact (*see Fraser-Baptiste v New York City Tr. Auth.*, 81 AD3d 878 [2011]; *Harris v Boudart*, 70 AD3d 643, 644 [2010]; *Sinfelt v Helm's Bros., Inc.*, 62 AD3d

983, 983-984 [2009]; *see also DiFilippo v Jones*, 22 AD3d 788, 789 [2005]). Rivera, J.P., Florio, Dickerson, Hall and Roman, JJ., concur.