■ Maria E. Valencia, Respondent, v Scott R. Angarano et al., Appellants. [963 NYS2d 708]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), dated July 2, 2012, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' motion papers failed to adequately address the plaintiff's claims, clearly set forth in the bill of particulars, that she sustained serious injuries to the cervical and lumbar regions of her spine, and to her right shoulder, that were caused by the accident (*cf. Jilani v Palmer*, 83 AD3d 786, 787 [2011]; *Staff v Yshua*, 59 AD3d 614 [2009]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see generally Stukas v Streiter*, 83 AD3d 18, 24 [2011]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.