*598 The defendants met their prima facie burden of showing that the plaintiff Patrick Jean did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of Patrick Jean’s spine and to his right shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]), and that those alleged injuries, as well as the alleged injury to the lumbar region of his spine, were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786, 787 [2011]).
In opposition, however, the plaintiffs raised triable issues of fact as to whether Patrick Jean sustained serious injuries to the cervical region of his spine and to his right shoulder, and as to whether those alleged injuries, as well as the alleged injury to the lumbar region of his spine, were caused by the accident (see Perl v Meher, 18 NY3d 208, 215-218 [2011]). Therefore, the Supreme Court should have denied the defendants’ motion for summary judgment. Dillon, J.P., Leventhal, Chambers and Miller, JJ., concur.