■ CARMEN MACCHIO, Appellant, v DANIEL NDUKWU, Respondent. [979 NYS2d 679]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), entered February 11, 2013, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical, thoracic, and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that in any event, the alleged injury to the cervical region of the plaintiff's spine was not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiff raised triable issues of

fact as to whether she sustained serious injuries to the cervical, thoracic, and lumbar regions of her spine, and as to whether the alleged injury to the cervical region of her spine was caused by the subject accident (*see Perl v Meher*, 18 NY3d 208, 215-218 [2011]). Therefore, the Supreme Court should have denied the defendant's motion for summary judgment. Rivera, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.