In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated December 4, 2012, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is affirmed, without costs or disbursements.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant submitted *802 competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the plaintiffs spine and to the plaintiffs right shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]), and that, in any event, the alleged injury to the cervical region of the plaintiffs spine was not caused by the accident (see Jilani v Palmer, 83 AD3d 786, 787 [2011]).
In opposition, however, the plaintiff raised triable issues of fact as to whether he sustained serious injuries to the cervical region of his spine and to his right shoulder, and raised a further issue of fact as to whether the alleged injury to the cervical region of his spine was caused by the accident (see Perl v Meher, 18 NY3d 208, 215-218 [2011]). Thus, the Supreme Court properly denied the defendant’s motion for summary judgment dismissing the complaint.
Mastro, J.E, Hall, Lott, Austin and Duffy, JJ., concur.