In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Siegal, J.), entered April 1, 2013, which granted the separate motions of the defendants Charles Neglia and Nouveau Elevator Industries, Inc., and the defendant Edward Rosado for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed, on the law, with one bill of costs, and the separate motions of the defendants Charles Neglia and Nouveau Elevator Industries, Inc., and the defendant Edward Rosado for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
The defendants, moving separately but relying on the same evidence and arguments, met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of *824 the plaintiffs spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]), and that these alleged injuries were not caused by the accident in any event (see generally Jilani v Palmer, 83 AD3d 786, 787 [2011]).
In opposition, however, the plaintiff raised triable issues of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine, and as to whether these alleged injuries were caused by the accident (see Perl v Meher, 18 NY3d 208, 215-218 [2011]). Therefore, the Supreme Court should have denied the defendants’ motions.
Skelos, J.P., Leventhal, Cohen and LaSalle, JJ., concur.