In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Grays, J.), dated February 7, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint on the ground that each plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is affirmed, with costs.
The defendant met his prima facie burden of showing that the plaintiff Ray Persaud did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 *928 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of Ray Persaud’s spine were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786 [2011]), and, in any event, that the alleged injuries to the cervical and lumbar region of his spine and to his left shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). The defendant further submitted evidence establishing, prima facie, that the plaintiff Ray Persaud did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Richards v Tyson, 64 AD3d 760, 761 [2009]). In opposition, the plaintiff Ray Persaud failed to raise a triable issue of fact.
The defendant also met his prima facie burden of showing that the plaintiff Nadira Persaud did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d at 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of Nadira Persaud’s spine, as well as her left shoulder, were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786 [2011]), and, in any event, did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). The defendant further submitted evidence establishing, prima facie, that the plaintiff Nadira Persaud did not sustain a serious injury under the 90/ 180-day category of Insurance Law § 5102 (d) (see Richards v Tyson, 64 AD3d at 761). In opposition, the plaintiff Nadira Persaud failed to raise a triable issue of fact.
Finally, the defendant met his prima facie burden of showing that the plaintiff Lakshmi Narain did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d at 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of Lakshmi Narain’s spine were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786 [2011]). In opposition, the plaintiff Lakshmi Narain failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defend *929 ant’s motion for summary judgment dismissing the complaint.
Mastro, J.E, Skelos, Cohen and LaSalle, JJ., concur.