*746 In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated May 24, 2013, as granted those branches of the motion of the defendants Danny D. Leung and Carrie S. Jones, and the separate motion of the defendant Mahmoud T. Sadr, which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed, on the law, with one bill of costs to the plaintiff payable by the defendants appearing separately and filing separate briefs, and those branches of the motions which were for summary judgment dismissing the complaint insofar as asserted against the movants are denied.
The defendants, moving separately but relying on the same evidence and arguments, met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiffs spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]), and that the alleged injury to the cervical region of the plaintiff’s spine was not caused by the accident in any event (see generally Jilani v Palmer, 83 AD3d 786, 787 [2011]).
In opposition, however, the plaintiff raised triable issues of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine, and whether the alleged injury to the cervical region of his spine was caused by the accident (see Perl v Meher, 18 NY3d 208, 218-219 [2011]). Therefore, the Supreme Court should have denied the defendants’ motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Rivera, J.E, Dickerson, Chambers, Hinds-Radix and Maltese, JJ., concur.