■ IRMA DATIKASHVILI et al., Appellants, v JONAS VIJUNGCO, Respondent. [993 NYS2d 352]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Golia, J.), dated September 9, 2013, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Irma Datikashvili did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant met his prima facie burden of showing that the plaintiff Irma Datikashvili did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of Datikashvili's spine and to her right shoulder did not constitute serious injuries under either the permanent consequential limitation of use category or the significant limitation of use category of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that, in any event, these alleged injuries were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiffs raised triable issues of fact as to whether Datikashvili sustained serious injuries to the cervical region of her spine and her right shoulder as a result of the subject accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Therefore, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.