■ David M. Flores, Appellant, v Freddy Luna et al., Respondents. [996 NYS2d 172]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated August 1, 2013, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical, thoracic, and lumbar regions of the plaintiff's spine, and to the plaintiff's chest, left shoulder, left wrist, left knee, left ankle, and left foot did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that the alleged injuries to the plaintiff's left shoulder and to the cervical and lumbar regions of his spine were not caused by the accident in any event (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]). The defendants further submitted evidence demonstrating, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.