■ Justine Belmont, Appellant, v Tracey German et al., Respondents. [1 NYS3d 136]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), entered February 5, 2014, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants established their prima facie entitlement to

judgment as a matter of law by demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that these alleged injuries were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained serious injuries to the cervical region of her spine that were caused by the accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Therefore, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Hall, Austin, Miller and Maltese, JJ., concur.