■ BERNHARD A. BERGER et al., Respondents, v SIU YIN WONG, Appellant. [1 NYS3d 234]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated May 9, 2013, as denied her cross motion for summary judgment dismissing the complaint on the ground that the plaintiff Bernhard A. Berger did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant met her prima facie burden of showing that the plaintiff Bernhard A. Berger (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the injured plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that, in any event, these alleged injuries were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiffs raised triable issues of fact as to whether the injured plaintiff sustained serious injuries to the cervical region of his spine that were caused by the accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Therefore, the Supreme Court properly denied the defendant's cross motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Cohen and Barros, JJ., concur. ■