■ ADRIAN CAMPBELL, Respondent, v HOWARD K. MORGAN, JR., et al., Appellants. [2 NYS3d 363]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated May 28, 2014, as, upon reargument, vacated an order of the same court dated March 5, 2014, granting their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and thereupon denied the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants met their prima facie burden of showing that

the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that the alleged injury to the lumbar region of the plaintiff's spine was not caused by the subject accident in any event (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiff raised triable issues of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine under the significant limitation of use category of Insurance Law § 5102 (d), and as to whether the alleged injury to the lumbar region of his spine was caused by the accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *Estrella v GEICO Ins. Co.*, 102 AD3d 730, 731-732 [2013]). Therefore, upon reargument, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Chambers, Austin and LaSalle, JJ., concur.