■ Jong Soon Chun, Appellant, v Stephanie Maxwell et al., Defendants, and Robert R. Maxwell et al., Respondents. [10 NYS3d 269]——

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated

February 14, 2014, as granted the separate motions of the defendants Robert R. Maxwell, David Bloom, and Sok Hwan Chun for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the separate motions of the defendants Robert R. Maxwell, David Bloom, and Sok Hwan Chun for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The respondents, moving separately but relying on the same evidence and arguments, met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The respondents submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and to the plaintiff's right shoulder did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that these alleged injuries were not caused by the accident in any event (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiff submitted evidence raising triable issues of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine and to her right shoulder, and as to whether those alleged injuries were caused by the accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Thus, the Supreme Court should have denied the respondents' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Mastro, J.P., Chambers, Cohen, Miller and LaSalle, JJ., concur.