■ TRACY D. MILLARD, Respondent, v ARACENA'S TRANSPORT, INC., et al., Defendants, and DENISE A. MYERS, Appellant. [12 NYS3d 259]—In an action to recover damages for personal injuries, the defendant Denise A. Myers appeals from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated November 19, 2014, as denied her motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent.

The defendant Denise A. Myers met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Myers submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's right knee did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that, in any event, these alleged injuries were not caused by the accident with Myers (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiff submitted evidence raising triable issues of fact as to whether she sustained serious injuries to her right knee, and as to whether those alleged injuries were caused by the subject accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Thus, the Supreme Court properly denied Myers's motion for summary judgment dismissing the complaint insofar as asserted against her. Balkin, J.P., Austin, Duffy and Barros, JJ., concur.