■ LORIN McFARLANE, Appellant, v BENJAMIN KLEIN et al., Respondents. [16 NYS3d 742]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated June 13, 2014, which granted the separate motions of the defendants Benjamin Klein and Wellesley Knowles for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with one bill of costs.

The defendants, moving separately but relying on the same evidence and arguments, met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine and to the plaintiff's right knee did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the accident (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]). The defendants further submitted evidence demonstrating, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

The plaintiff failed to raise a triable issue of fact in opposition. Therefore, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing

the complaint insofar as asserted against each of them. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.