(November 12, 2015)

■ Rudy Abreu, Appellant, v Spiros A. Markopoulos et al., Respondents. [18 NYS3d 877]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bruno, J.), dated October 27, 2014, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's right knee did not constitute a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua,* 59 AD3d 614 [2009]), and that, in any event, the alleged injury was not caused by the subject accident (*see generally Jilani v Palmer,* 83 AD3d 786, 787 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.