■ YVES J. LACOMBE, Appellant, v COLLEEN M. CASTELLANO et al., Respondents. [22 NYS3d 484]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated October 20, 2014, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that, in

any event, the alleged injuries were not caused by the subject accident (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d), and as to whether the alleged injuries were caused by the accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *Estrella v GEICO Ins. Co.*, 102 AD3d 730, 731-732 [2013]). Thus, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.