■  Tysha Ricks, Appellant, v Joseph Fisher et al., Defendants/Third-Party Plaintiffs-Respondents. Victor L. Washington, Third-Party Defendant-Respondent. [32 NYS3d 613]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), dated June 2, 2015, which granted the motion of the defendants/third-party plaintiffs, and the separate motion of the third-party defendant, for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendants/third-party plaintiffs-respondents and the third-party defendant-respondent appearing separately and filing separate briefs, and the motions for summary judgment dismissing the complaint are denied.

In support of their respective motions for summary judgment dismissing the complaint, the defendants/third-party plaintiffs and the third-party defendant met their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). They submitted competent medical evidence establishing, prima facie, that the plaintiff's alleged injuries did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that, in any event, such injuries were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d), and as to whether the alleged injuries were caused by the accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *Jilani v Palmer*, 83 AD3d at 787). Accordingly, the Supreme Court should have denied the motion of the defendants/third-party plaintiffs, and the separate motion of the third-party defendant, for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.