◼ SOK HWAN CHUN, Appellant, v DAVID BLOOM et al., Respondents, et al., Defendant. [40 NYS3d 189]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered March 10, 2014, as granted those branches of the separate motions of the defendant Robert R. Maxwell and the defendant

David Bloom which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the separate motions of the defendant Robert R. Maxwell and the defendant David Bloom which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident are denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant David Bloom, and one bill of costs is awarded to the defendant Robert R. Maxwell payable by the plaintiff.

The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained as a result of a three-car motor vehicle accident. The plaintiff alleged that he was injured when a vehicle that he was driving was struck in the rear by a vehicle operated by the defendant David Bloom. The plaintiff's vehicle, in turn, struck the rear of a vehicle operated by the defendant Robert R. Maxwell.

Maxwell and Bloom (hereinafter together the moving defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against each of them on the ground, among others, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The Supreme Court, inter alia, granted those branches of the motions. The plaintiff appeals from that portion of the order. We reverse insofar as appealed from.

The plaintiff contends that the Supreme Court erred in granting those branches of the moving defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. In support of their separate motions for summary judgment, the moving defendants each met their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-

957 [1992]). The moving defendants each established, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that, in any event, such injuries were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition to the moving defendants' separate motions, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d), and as to whether the alleged injuries were caused by the accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *Jilani v Palmer*, 83 AD3d at 787). Accordingly, the Supreme Court should have denied those branches of the moving defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

As Maxwell correctly contends on appeal, since the order appealed from directed the dismissal of the complaint insofar as asserted against him on an independent alternative ground, and since that determination is not at issue on this appeal, the directive that the complaint be dismissed as to him remains undisturbed notwithstanding our determination. Dillon, J.P., Hall, Sgroi, Miller and Brathwaite Nelson, JJ., concur.