■ CRYSTAL S. GOLDEN, Respondent, v HARLEM RIVER OF MANHATTAN et al., Appellants. [50 NYS3d 567]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (King, J.), dated May 20, 2015, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of the plaintiff's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that, in any event, the alleged injury was not caused by the subject accident (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to the lumbar region of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d), and as to whether the alleged injury was caused by the accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *Jilani v Palmer*, 83 AD3d at 787).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.