■ Raymond Avila et al., Appellants, v Gerald Jica et al., Respondents. [57 NYS3d 420]—In an action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated March 11, 2016, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Ana Rosero on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the appeal by the plaintiff Raymond Avila is dismissed, as he is not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Ana Rosero; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendants met their prima facie burden of showing that the plaintiff Ana Rosero did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of Rosero's spine and to Rosero's right shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]), and that, in any event, these alleged injuries were not caused by the subject accident (see generally Jilani v Palmer, 83 AD3d 786, 787 [2011]). Rosero failed to raise a triable issue of fact in opposition.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Rosero. Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.