Lawrence v Scolaro (2019 NY Slip Op 05396)





Lawrence v Scolaro


2019 NY Slip Op 05396


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-01750
 (Index No. 8427/15)

[*1]Michelle A. Lawrence, appellant, 
v
Christine A. Scolaro, et al., respondents.


Harmon, Linder, & Rogowsky (Mitchell A. Dranow, Sea Cliff, NY, of counsel), for appellant.
Martin, Fallon & Mullé, Huntington, NY (Richard C. Mullé of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered December 8, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
The plaintiff does not currently challenge the Supreme Court's determination that the defendants met their prima facie burden of showing that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352; Gaddy v Eyler, 79 NY2d 955, 956-957; see also Sylvain v Maurer, 165 AD3d 1203, 1204).
However, contrary to the defendants' contention, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to the lumbar region of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d), and as to whether this alleged injury was caused by the subject accident (see Perl v Meher, 18 NY3d 208, 217-219; Jilani v Palmer, 83 AD3d 786, 787).
Accordingly, the Supreme Court should have denied the defendants' motion for [*2]summary judgment dismissing the complaint.
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court