Bassi v Greco (2019 NY Slip Op 06585)





Bassi v Greco


2019 NY Slip Op 06585


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-11595
 (Index No. 28273/13)

[*1]Baljinder Bassi, et al., appellants, 
v
Anthony Greco, et al., respondents.


John A. Mullan (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellants.
Cuomo LLC, Mineola, NY (Joseph A. Lupo, Jr., and Matthew A. Cuomo of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated October 3, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Baljinder Bassi did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the plaintiff Baljinder Bassi (hereinafter the injured plaintiff) in a motor vehicle accident on October 11, 2012. The defendants moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion, and the plaintiffs appeal.
The defendants met their prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the cervical region of the injured plaintiff's spine was not caused by the accident (see generally Jilani v Palmer, 83 AD3d 786, 787). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court