Gardner v Cruz (2022 NY Slip Op 02535)

Gardner v Cruz

2022 NY Slip Op 02535

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-12843
 (Index No. 609280/17)

[*1]Tavia N. Gardner, appellant, 
v
Juan A. Cruz, respondent.

Cannon & Acosta, LLP, Huntington Station, NY (June Redeker of counsel),f or appellant.
Law Offices of Martyn, Martyn, Smith & Murray, Hauppauge, NY (Joseph J. Scheno of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated October 28, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated October 28, 2019, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, and the plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's right knee did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614), and that, in any event, the alleged injury was not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786, 787).
In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her right knee under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d), and as to whether the alleged injury was caused by the accident (see Perl v Meher, 18 NY3d 208, 217-219; Pommells v Perez, 4 NY3d 566, 577).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court