■ JOSE OLIVENCIA, Respondent, v STEVEN N. DEPOMPEIS et al., Appellants. [12 NYS3d 236]—In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Adler, J.), dated July 22, 2014, as denied those branches of their cross motion which were for summary judgment dismissing the causes of action alleging that the plaintiff sustained serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action alleging that the plaintiff sustained serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) are granted.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the accident (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

The plaintiff failed to raise a triable issue of fact in opposi-

tion. Therefore, the Supreme Court should have granted those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action alleging that the plaintiff sustained serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d). Skelos, J.P., Dickerson, Hall and Maltese, JJ., concur.