■ JOSE OLIVENCIA, Respondent, v STEVEN N. DEPOMPEIS et al., Appellants. [22 NYS3d 554]—

Motion by the appellants to clarify a decision and order of this Court dated June 24, 2015, which determined an appeal from an order of the Supreme Court, Westchester County, dated July 22, 2014.

Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, it is

Ordered that the motion is granted, the decision and order dated June 24, 2015 (*Olivencia v Depompeis*, 129 AD3d 1045 [2015]) in the above-entitled action is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Adler, J.), dated July 22, 2014, as denied those branches of their cross motion which were for summary judgment dismissing the causes of action alleging that the plaintiff sustained serious injuries under the permanent consequential limitation of use,

significant limitation of use, and permanent loss of use of a body organ, member, function, or system categories of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action alleging that the plaintiff sustained serious injuries under the permanent consequential limitation of use, significant limitation of use, and permanent loss of use of a body organ, member, function, or system categories of Insurance Law § 5102 (d) are granted.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use, significant limitation of use, or permanent loss of use of a body organ, member, function, or system categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the accident (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

The plaintiff failed to raise a triable issue of fact in opposition. Therefore, the Supreme Court should have granted those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action alleging that the plaintiff sustained serious injuries under the permanent consequential limitation of use, significant limitation of use, and permanent loss of use of a body organ, member, function, or system categories of Insurance Law § 5102 (d). Hall, J.P., Dickerson, Cohen and Maltese, JJ., concur.