■ VICTOR FONTANA, Appellant, v AAMAAR & MAANI KARAN TRANSIT CORP. et al., Respondents. [1 NYS3d 324]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lane, J.), entered December 3, 2013, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

In support of their motion for summary judgment dismissing the complaint, the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the accident (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiff raised triable issues of fact as to whether the alleged injuries to the cervical and lumbar regions of his spine were caused by the accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *Iovino v Scholl*, 69 AD3d 799, 800 [2010]).

Therefore, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.