■ YOUNG CHAN KIM, Appellant, v DANA S. HOOK et al., Respondents. [36 NYS3d 401]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated May 8, 2015, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). They each submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and to his left shoulder were not caused by the subject accident (*see Gouvea v Lesende*, 127 AD3d 811 [2015]; *Fontana v Aamaar & Maani Karan Tr. Corp.*, 124 AD3d 579 [2015]; *see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether the alleged injuries to the cervical and lumbar regions of his spine and his left shoulder were caused by the accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]).

Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Balkin, Hinds-Radix and Barros, JJ., concur.