■ LYNEISHA WHITE, Appellant, v DANGELO CORP. et al., Respondents. [46 NYS3d 421]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lane, J.), dated September 10, 2015, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's right knee was not caused by the subject accident (*see Gouvea v Lesende*, 127 AD3d 811 [2015]; *Fontana v Aamaar & Maani Karan Tr. Corp.*, 124 AD3d 579 [2015]; *see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether the alleged injury to her right knee was caused by the accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Leventhal, J.P., Austin, Cohen, Hinds-Radix and LaSalle, JJ., concur.