Apsel v Steamy, Inc. (2018 NY Slip Op 04520)





Apsel v Steamy, Inc.


2018 NY Slip Op 04520


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-10151
 (Index No. 10641/14)

[*1]Samantha Apsel, appellant, 
v
Steamy, Inc., et al., respondents.


Kaston & Aberle, LLP, Mineola, NY (Richard M. Aberle of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn, NY (Robert D. Grace of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated July 28, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her as a result of a motor vehicle collision between a vehicle she was driving and a vehicle driven by the defendant Paul R. Delmonico and owned by the defendant Steamy, Inc. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the subject accident (see Gouvea v Lesende, 127 AD3d 811; Fontana Aamaar & Maani Karan Tr. Corp., 124 AD3d 579; see generally Jilani v Palmer, 83 AD3d 786, 787).
In opposition, however, the plaintiff raised triable issues of fact as to whether the alleged injuries to the cervical and lumbar regions of her spine were caused by the subject accident (see Perl v Meher, 18 NY3d 208, 218-219).
Accordingly, the Supreme Court should have denied the defendants' motion for [*2]summary judgment dismissing the complaint.
LEVENTHAL, J.P., AUSTIN, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court