Haring v Toscano (2018 NY Slip Op 04703)





Haring v Toscano


2018 NY Slip Op 04703


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-00783
 (Index No. 601082/14)

[*1]James Haring, appellant, 
v
Kristianne L. Toscano, et al., respondents.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Arshia Hourizadeh], of counsel), for appellant.
Picciano & Scahill, P.C., Westbury, NY (Francis J. Scahill and Andrea E. Ferrucci of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered January 14, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries allegedly sustained when his bicycle was struck by the defendants' automobile. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the defendants' motion. The plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of the plaintiff's spine was not caused by the accident (see Gouvea v Lesende, 127 AD3d 811; Fontana v Aamaar & Maani Karan Tr. Corp., 124 AD3d 579; see generally Jilani v Palmer, 83 AD3d 786, 787). In opposition, the plaintiff failed to raise a triable issue of fact (see John v Linden, 124 AD3d 598, 599; Irizarry v Lindor, 110 AD3d 846, 848). Accordingly, the defendants' motion for summary judgment dismissing the complaint was properly [*2]granted.
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court