Anderson v Foley (2018 NY Slip Op 04689)





Anderson v Foley


2018 NY Slip Op 04689


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2015-07534
2015-10565
 (Index No. 24268/12)

[*1]Michael Anderson, Jr., et al., appellants, 
v
Robert Foley, respondent.


Samuels & Associates, P.C., Rosedale, NY (Violet E. Samuels of counsel), for appellants.
Martyn Toher and Martyn (Harris, King, Fodera & Correia, New York, NY [Eitan Z. Magendzo], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from two orders of the Supreme Court, Kings County (Arthur M. Schack, J.), dated June 22, 2015, and September 8, 2015, respectively. The order dated June 22, 2015, granted the defendant's motion for summary judgment dismissing the complaint. The order dated September 8, 2015, insofar as appealed from, upon renewal and reargument, adhered to the determination in the order dated June 22, 2015, granting the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the appeal from the order dated June 22, 2015, is dismissed, as that order was superseded by so much of the order dated September 8, 2015, as was made upon renewal and reargument; and it is further,
ORDERED that the order dated September 8, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
This action arises from a motor vehicle accident that occurred on November 7, 2011, on the Southern State Parkway. In November 2012, the plaintiffs, Michael Anderson, Jr. (hereinafter the injured plaintiff), and Colette Anderson, commenced this action against the defendant, seeking, inter alia, to recover damages for personal injuries allegedly sustained in the accident.
The defendant moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In the first order appealed from, dated June 22, 2015, the Supreme Court granted the defendant's motion. The plaintiffs thereafter moved for leave to renew and/or reargue their opposition to the defendant's motion. In the second order appealed from, dated September 8, 2015, the court granted the plaintiffs' motion for leave to renew and/or reargue, and upon renewal and reargument, adhered to its prior determination granting the defendant's motion for summary judgment dismissing the complaint. The plaintiffs appeal.
The defendant met his prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the injured plaintiff's spine were not caused by the subject accident (see Gouvea v Lesende,127 AD3d 811; Fontana Aamaar & Maani Karan Tr. Corp., 124 AD3d 579; see generally Jilani v Palmer, 83 AD3d 786, 787). In addition, the defendant established, prima facie, that the injured plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) by demonstrating that the injured plaintiff did not miss more than three weeks of work following the accident (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761).
In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, upon renewal and reargument, the Supreme Court properly adhered to its prior determination granting the defendant's motion for summary judgment dismissing the complaint.
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court