Baratov v Robertson (2018 NY Slip Op 05994)





Baratov v Robertson


2018 NY Slip Op 05994


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-09623
 (Index No. 15098/14)

[*1]Arthur Baratov, appellant, 
v
H.L. Robertson, Jr., respondent.


Wellerstein & Associates, P.C., Maspeth, NY (Avraham Goldberg of counsel), for appellant.
Martyn, Toher, Martyn & Rossi, Mineola, NY (Giovanna Condello of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered July 19, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
This action arises from a motor vehicle accident that occurred on November 30, 2013, in Manhattan. The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in the accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957) through competent medical and other evidence (see Gouvea v Lesende, 127 AD3d 811; Fontana Aamaar & Maani Karan Tr. Corp., 124 AD3d 579; see generally Jilani v Palmer, 83 AD3d 786, 787). In opposition, the plaintiff failed to raise a triable issue of fact (see John v Linden, 124 AD3d 598, 599; Irizarry v Lindor, 110 AD3d 846, 848). Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court