Larionova v Nacovsky (2018 NY Slip Op 07298)





Larionova v Nacovsky


2018 NY Slip Op 07298


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-08844
 (Index No. 602237/14)

[*1]Larisa Larionova, etc., appellant, 
v
Dawn M. Nacovsky, respondent.


Bartels & Feureisen, LLP, White Plains, NY (Michael Fahey of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated July 14, 2016. The order, insofar appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff, individually, on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff, individually, is denied.
The plaintiff, Larisa Larionova, individually, and as mother and natural guardian of K.B., commenced this action to recover damages for personal injuries that she and K.B. allegedly sustained in a motor vehicle accident. The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted by the plaintiff, individually, on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted that branch of the defendant's motion, and the plaintiff appeals.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the cervical region of the plaintiff's spine was not caused by the subject accident (see Gouvea v Lesende, 127 AD3d 811; Fontana v Aamaar & Maani Karan Tr. Corp., 124 AD3d 579; see generally Jilani v Palmer, 83 AD3d 786, 787). In opposition, however, the plaintiff raised a triable issue of fact as to whether the alleged injury to the cervical region of her spine was caused by the subject accident (see Perl v Meher, 18 NY3d 208, 218-219).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff, individually.
RIVERA, J.P., SGROI, HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court