Kang v Bhullar (2018 NY Slip Op 08472)





Kang v Bhullar


2018 NY Slip Op 08472


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-01775
 (Index No. 606598/14)

[*1]Jeongyi Kang, appellant,
v
Sucha Bhullar, et al., respondents.


Andrew Park, P.C., New York, NY, for appellant.
Picciano & Scahill, P.C., Bethpage, NY (Francis J. Scahill and Andrea E. Ferrucci of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered January 26, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and right knee did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614), and that, in any event, the alleged injuries were not caused by the subject accident (see Gouvea v Lesende, 127 AD3d 811; Fontana Aamaar & Maani Karan Tr. Corp., 124 AD3d 579). In addition, the defendants established, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) by submitting a transcript of the plaintiff's deposition testimony, which demonstrated that she missed about one week of work during the first 180 days following the accident (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court