Yu Feng Jiang v Francois (2019 NY Slip Op 08249)





Yu Feng Jiang v Francois


2019 NY Slip Op 08249


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-06298
 (Index No. 513584/15)

[*1]Yu Feng Jiang, appellant,
v
Jean M. Francois, respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated March 21, 2018. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that she alleges she sustained in a motor vehicle accident that occurred in November 2012. The defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. By order dated March 21, 2018, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, and the plaintiff appeals.
We disagree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint. The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352; Gaddy v Eyler, 79 NY2d 955, 956-957) by submitting competent medical evidence to show, prima facie, that none of the alleged injuries constituted a serious injury within the meaning of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614, 614), and that, in any event, the alleged injuries were not caused by the accident (see Gouvea v Lesende, 127 AD3d 811, 811; Fontana v Aamaar & Maani Karan Tr. Corp., 124 AD3d 579, 580). However, in opposition, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to the cervical region of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) as a result of the accident (see Perl v Meher, 18 NY3d 208, 218-219; Kholdarov v Hyman, 165 AD3d 1087, 1088).
Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been denied.
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court