Gash v Miller (2019 NY Slip Op 08553)





Gash v Miller


2019 NY Slip Op 08553


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-08149
 (Index No. 1852/16)

[*1]Lisa A. Gash, appellant,
v
Jena Leigh Miller, et al., respondents.


Sobo & Sobo, LLP, Middletown, NY (Stephen J. Cole-Hatchard of counsel), for appellant.
Burke, Conway & Dillon, White Plains, NY (Sami P. Nasser of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated June 19, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she alleged she sustained in a motor vehicle accident that occurred in April 2015. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352; Gaddy v Eyler, 79 NY2d 955, 956-957) by submitting competent medical evidence establishing, prima facie, that the plaintiff's alleged injuries were degenerative in nature and not caused by the accident (see Gouvea v Lesende, 127 AD3d 811, 811; Fontana v Aamaar & Maani Karan Tr. Corp., 124 AD3d 579, 580).
In opposition, the plaintiff's expert failed to address the findings of the defendants' radiologist that the alleged injuries were degenerative in nature. Thus, the conclusions of the plaintiff's expert as to causation were insufficient to raise a triable issue of fact (see Zavala v Zizzo, 172 AD3d 793; Cavitolo v Broser, 163 AD3d 913, 914).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court