Devito v Anatra (2020 NY Slip Op 07544)





Devito v Anatra


2020 NY Slip Op 07544


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-01736
 (Index No. 603776/17)

[*1]Lucille K. Devito, appellant,
v
Danielle Ann Anatra, respondent.


Brian J. Levy & Associates, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Penino & Moynihan, LLP, White Plains, NY (Henry L. Liao of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), dated December 6, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident that occurred on August 29, 2016. Thereafter, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were degenerative in nature and not caused by the accident (see Gash v Miller, 177 AD3d 950; Gouvea v Lesende, 127 AD3d 811; Fontana v Aamaar & Maani Karan Tr. Corp., 124 AD3d 579, 580).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's expert failed to address the findings of the defendant's radiologist that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were degenerative in nature (see Mnatcakanova v Elliot, 174 AD3d 798, 800; Zavala v Zizzo, 172 AD3d 793; Cavitolo v Broser, 163 AD3d 913, 914).
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court