Horowitz v Santiago (2022 NY Slip Op 02253)

Horowitz v Santiago

2022 NY Slip Op 02253

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-09814
 (Index No. 524720/17)

[*1]Pincus D. Horowitz, appellant, 
v
Herminio Santiago, respondent, et al., defendant. 

Jennifer S. Adams, Lake Success, NY (Rodney Mohammed of counsel), for respondent.
William Pager, Brooklyn, NY, for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated August 2, 2019. The order granted the motion of the defendant Herminio Santiago for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
On July 18, 2017, the plaintiff, a pedestrian, was struck by a vehicle owned by the defendant Herminio Santiago (hereinafter the defendant). The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in the accident. Thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated August 2, 2019, the Supreme Court granted the defendant's motion, and the plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the cervical region of the plaintiff's spine was not caused by the accident (see Gouvea v Lesende, 127 AD3d 811; Fontana v Aamaar & Maani Karan Tr. Corp., 124 AD3d 579; see generally Jilani v Palmer, 83 AD3d 786, 787). The defendant also demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
MILLER, J.P., MALTESE, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court